OPINION
The subject of this appeal, Brittany Nicole Gray, was born on September 16, 1989 to appellant, Barbara Ann Richmond. Kevin Gray was determined to be Brittany's biological father in August 1990. In April 1992, Brittany was admitted to the hospital suffering from dehydration. Following this incident, Brittany's paternal grandfather and step-grandmother, Charles and Carol Gray, filed a motion in Hamilton County for ex parte emergency custody. An emergency order did not issue. The matter was continued, and in June 1992 the trial court granted legal custody to the Grays with limited supervised visitation to Richmond.
In July 1992, the case was transferred to the juvenile court of Clermont County. After the transfer, Brittany continued to live with the Grays, and Richmond's visitation rights were gradually expanded.
In March 1995, Richmond moved to obtain full custody of Brittany. After a hearing held on October 15, 1995 and November 27, 1995, the trial court denied the motion. Richmond filed this appeal. Richmond's assignment of error is as follows:
 THE TRIAL COURT ERRED IN NOT GRANTING THE MOTION OF APPELLANT, BARBARA RICHMOND, REQUESTING RETURN OF CUSTODY OF HER DAUGHTER TO HER.
Richmond raises two issues under her assignment of error. First, Richmond argues that because this matter originated in juvenile court — and was not certified from domestic relations court — the trial court should not have reviewed the matter under R.C. 3109.04 ("Allocation of parental rights and responsibilities for care of children; shared parenting"). We disagree.
Our conclusion is based on a plain reading of the statute. The juvenile court has exclusive original jurisdiction to determine the custody of a child who is not a ward of another court of the state. R.C. 2151.23(A)(2). Under R.C. 2151.23(F), the court is required to exercise this jurisdiction "in accordance with R.C.3109.04 * * *." Accordingly, we find that the trial court was correct in reviewing appellant's motion using the standards set forth in R.C. 3109.04.
In her second issue, Richmond asserts that the hearing on October 17 and November 27, 1995 was the original custody hearing and, therefore, the court was required to make a determination that Richmond was an unfit or unsuitable parent before denying her custody of Brittany. The general rule in Ohio concerning original custody awards is that in disputes between a parent and a nonparent, the court may not award custody to a nonparent without first making a finding of parental unsuitability, that is, without first determining that a preponderance of the evidence shows that the parent abandoned the child, forfeited custody by contract, has become totally unable to care for and support the child, or that awarding custody to the parent would be detrimental to the child. See In re Perales (1977), 52 Ohio St.2d 89,98.
However, contrary to Richmond's assertion, this case is not before us on an original determination of custody, but on what is essentially a motion to modify the original custody determination.[1] Once an original custody award has been made, the general rule is that such award will not be modified unless "necessary to serve the best interest of the child." Masitto v. Masitto (1986), 22 Ohio St.3d 63, 65. Therefore, the trial court was not required to make a finding that Richmond was unsuitable or unfit before denying Richmond's motion.
For the reasons stated above, we find Richmond's assignment of error is not well-taken, and we affirm the decision of the trial court.
Judgment affirmed.
YOUNG, P.J., and KOEHLER, J., concur.
[1] We note that no appeal was taken from the original award of custody to the Grays in 1992.